UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



**FILED**

SEPT
DEC 1 2 2003

WAYNE R. ANDERSEN
U. S. DISTRICT COURT JUDGE

DOCKETED

SEP 1 2 2003

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 03 CR 666 |
| vs. | ) |
| | ) Judge Wayne R. Andersen |
| TIMOTHY JOHNSON | ) |

### PLEA AGREEMENT

This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and the defendant, TIMOTHY JOHNSON, and his attorney, JOHN CUTRONE, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 03 CR 666.

This Plea Agreement concerns criminal liability only, and nothing herein shall limit or in any way waive or release any administrative or judicial civil claim, demand or cause of action, whatsoever, of the United States or its agencies. Moreover, this Agreement is limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities except as expressly set forth in this Agreement.

By this Plea Agreement, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, and the defendant, TIMOTHY JOHNSON , and his attorney, JOHN CUTRONE, have agreed upon the following:

*10*

1.      Defendant acknowledges that he has been charged in the indictment with possessing a firearm after having been previously convicted of a felony in violation of Title 18, United States Code, Sections 922(g)(1).

2.      Defendant has read the charge against him contained in the indictment, and the charge have been fully explained to him by his attorney.

3.      Defendant fully understands the nature and elements of the crime with which he has been charged.

4.      Defendant will enter a voluntary plea of guilty to the indictment in this case.

5.      Defendant will plead guilty because he is in fact guilty of the charge contained in the indictment.  In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

Defendant admits that on or about March 13, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, he knowingly possessed a firearm, in and affecting interstate commerce in that the firearm had traveled in interstate commerce prior to the defendant's possession of the firearm, namely, a HiPoint .40 caliber semi-automatic pistol, model JC, serial number 100366, and ammunition, in violation of Title 18, United States Code, Sections 922(g)(1).

Specifically, defendant admits that on or about March 13, 2003, at approximately 7:30 p.m., he was driving a blue Chevrolet Monte Carlo in the vicinity of 6333 South Fairfield Avenue, Chicago, Illinois.  At that time, the defendant's vehicle had tinted windows, ~~and no operational brake lights on the vehicle~~.  Two Chicago Police officers stopped defendant's vehicle due to the violations regarding his vehicle.  The officers asked the defendant to produce his driver's license.  Defendant

2

did not have a driver's license. Defendant was placed under arrest for the traffic offenses. After defendant exited the vehicle, he was found in possession of a gun. One of the officers then recovered a HiPoint .40 caliber semi-automatic pistol, serial number 100366, which contained several rounds of ammunition, from the defendant. Knowing that he was prohibited from possessing the firearm due to his prior felony conviction, defendant acknowledges that he knowingly possessed the weapon and further acknowledges that he admitted to the officers that he had kept the weapon for his personal safety.

The firearm and ammunition had previously traveled in interstate commerce before the defendant possessed the firearm and ammunition on March 13, 2003, as the firearm and ammunition were manufactured outside the State of Illinois. At the time that defendant possessed the firearm, he has previously been convicted of the offense of murder on June 10, 1991, in Cook County case number 90 CR 785201, a felony punishable by a term of imprisonment exceeding one year.

6.      For purposes of applying the guidelines promulgated by the United States Sentencing Commission pursuant to Title 28, United States Code, Section 994, the parties agree on the following points:

(a)      The base offense level for this offense is level 20 pursuant to Guideline § 2K2.1(a)(4)(A) as defendant has a prior conviction for a crime of violence, namely, murder.

(b)      Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if the defendant continues to accept responsibility for his actions, within the meaning of Guideline § 3E1.1, a two-level reduction in the offense level is appropriate.

(c)     Defendant has notified the government timely of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently, within the meaning of Guideline § 3E1.1(b); at sentencing the government will make a formal motion for an additional one-point reduction in the offense level, provided the Court determines the offense level to be 16 or greater prior to the operation of Guideline 3E1.1(a).

(d)     On June 10, 1991, defendant was convicted of murder in the Circuit Court of Cook County, case number 90 CR 785201, and sentenced to twenty-five years imprisonment. The defendant receives three criminal history points pursuant to Guideline § 4A1.1 (a).

(e)     The defendant committed the instant offense while on parole from the State of Illinois for the conviction set forth in paragraph 6(d). The defendant receives two criminal history points pursuant to Guideline § 4A1.1 (d).

(f)     The defendant committed the instant offense within two years of release on the sentence of imprisonment imposed for the offense of conviction set forth in paragraph 6(d). The defendant receives one criminal history point pursuant to Guideline § 4A1.1(e) because two points were added pursuant to Guideline § 4A1.1(d).

(g)     Based on the facts known to the government and stipulated in subparagraphs (d) through (f) above, the defendant's criminal history points equal six and the defendant's criminal history category is III.

(h)     The defendant and his attorney and the government acknowledge that the above calculations are preliminary in nature and based on facts known to the government as of the time of this Agreement. The defendant understands that the Probation Department will conduct its

4

own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations.

7.      Errors in calculations or interpretation of any of the guidelines may be corrected by either party prior to sentencing. The parties may correct these errors or misinterpretations either by stipulation or by a statement to the probation office and/or Court setting forth the disagreement as to the correct guidelines and their application. The validity of this Agreement will not be affected by such corrections, and the defendant shall not have a right to withdraw his plea on the basis of such corrections.

8.      Defendant understands the offense to which he will plead guilty carries a maximum term of imprisonment of ten years and a maximum fine of $250,000. The defendant further understands that this offense also carries a term of supervised release of at least three but not more than five years, and any restitution that may be ordered by the Court.

9.      The defendant understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, the defendant will be assessed $100 on the offense to which he has pled guilty, in addition to any other penalty imposed. The defendant agrees to pay the special assessment of $100 at the time of sentencing with a check or money order made payable to the Clerk of the U. S. District Court.

10.     Defendant understands that by pleading guilty he surrenders certain rights, including the following:

5

(a)     If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b)     If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

(c)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

(d)     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

6

(e)     At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.  If defendant desired to do so, he could testify in his own behalf.

11.     Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph.  Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.  Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial.

12.     Defendant understands that the indictment and this Plea Agreement are matters of public record and may be disclosed to any party.

13.     Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

14.     At the time of sentencing, the government will recommend that the Court impose a sentence within the applicable guideline range.

15.     It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and, subject to the limitations of the sentencing guidelines, may impose the maximum penalties as set forth in paragraph eight above.  The defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

16.     The indictment charges that the defendant has subjected a firearm, a HiPoint .40 caliber semi-automatic pistol, model JC, serial number 100366, and ammunition to forfeiture as a

7

result of the violation alleged in the indictment. By entry of a guilty plea to the offense in the indictment, defendant understands that these items shall be forfeited to the United States for disposition according to the law. Prior to sentencing, defendant agrees to the entry of a preliminary order of forfeiture relinquishing any right, title, or ownership interest he has in the above property. Defendant is unaware of any third party who has an ownership interest or claim to the property subject to forfeiture.

17.     Defendant understands that his compliance with each part of this Plea Agreement extends throughout and beyond the period of his sentence, and failure to abide by any term of the Plea Agreement is a violation of the Agreement. He further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute the defendant not subject to any of the limits set forth in this Agreement, or to resentence the defendant. The defendant understands and agrees that in the event that this Plea Agreement is breached by the defendant, and the Government elects to void the Plea Agreement and prosecute the defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against the defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement of such prosecutions.

18.     Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

19.     Defendant agrees this Plea Agreement shall be filed and become a part of the record in this case.

8

20.     Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 9/12/2003

PATRICK J. FITZGERALD
United States Attorney

TIMOTHY JOHNSON
Defendant

DANIEL E. MAY
Assistant United States Attorney

JOHN CUTRONE
Attorney for Defendant

9